# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANCY L. WONG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE BARNHART, Commissioner, ) <br> Social Security Administration ) <br> ) <br> Defendants. ) | Case No. 05 C 5681 <br> Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nancy Wong ("Plaintiff") brings this action under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, *et seq.* against JoAnne B. Barnhart, the Commissioner of the Social Security Administration ("Defendant"). The United States Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's EEO complaint because the EEOC found it was identical to a grievance she filed under her agency's negotiated grievance procedures. EEOC's regulations prohibit such duplicative filings. Defendant has moved pursuant to Rule 12(b)(1) to dismiss Plaintiff's Complaint in this Court for the same reason. Having reviewed the record, this Court finds that Plaintiff's EEO complaint was "on the same matter" as her grievance. As such, this Court lacks subject matter jurisdiction to consider the merits of her discrimination claims.

Section 1614.107(a)(4) states that "the [EEOC] shall dismiss an entire complaint . . . [w]here the complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination or in an appeal to the Merit Systems Protection Board and § 1614.301 or § 1614.302 indicates that the complainant has elected to pursue the non-EEO process." 29 C.F.R. § 1614.107(a)(4). Section 1614.301(a) similarly provides that "a person wishing to file a complaint or a grievance on a matter of alleged employment discrimination must elect to raise the matter under

part 1614 or the negotiated grievance procedure, but not both." 29 C.F.R. § 1614.301(a). And that "[a]n aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint *on the same matter* under this part 1614." 29 C.F.R. § 1614.301(a) (emphasis added).

Plaintiff does not contest that she filed a grievance under her agency's negotiated grievance procedure; a procedure that permits the acceptance of grievances which allege discrimination. The only question remaining then is whether her grievance and her EEO complaint involved the same matter. In response to the Court's November 7, 2005 order questioning its jurisdiction over this matter, Plaintiff argued that the two sets of claims are not identical, they are not even similar. In making this comparison, however, Plaintiff inexplicably relied on a grievance filed at the end of 2003 and not the October 12, 2004 grievance referenced in the EEOC's decision dismissing her EEO complaint. Comparing the EEO complaint with the October 12, 2004 grievance, Plaintiff concedes that they are "similar" and "superficially identical." The only difference which Plaintiff identifies are the remedies sought. Even assuming the remedies sought are different, the statutory language prohibits an employee from filing an EEO complaint on the same matter, regardless of whether different remedies are sought or theories are pursued. On this point, Plaintiff never contests, and a review of the grievance and the EEO complaint reveal, that they are "on the same matter." In both filings, she complains of her supervisor's unfair treatment, management's refusal to accommodate her disability caused by work-related stress, being placed on the Performance Enhancement Program (PEP) and Performance Assistance Program (PAP) and the denial of her with-in pay increase (WIGI). Consequently, § 1614.301(a) prohibited Plaintiff from filing her EEO complaint after she had filed a grievance on the same matter.

Wherefore, Defendant's Motion to Dismiss under Rule 12(b)(1) for Lack of Jurisdiction is granted and Plaintiff's Complaint is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Dated:  June 19, 2006